MERCHANTS' BANK OF DANVILLE

*v.*

BELT *et al.*

(*Supreme Court of Appeals of Virginia, June 16, 1898.*)

[30 S. E. Rep. 467.]

**Fraudulent Conveyance—Insufficient Evidence to Support—Case at Bar.\***

B. was engaged in business, and owned merchandise valued at $15,000, together with real estate subject to incumbrances. He was indebted to defendant bank for $4,400, to secure which he executed a deed of trust of all his property, which was not to be recorded unless the debt secured should appear to be endangered. He was also indebted to plaintiffs; and on the refusal of defendant bank to further extend payment, an agreement was made between B. and the bank by which the deed of trust was surrendered, and B. transferred all of his property to the bank absolutely, in consideration of $4,900, which it thereafter sold for $5,800: *held*, that these facts alone did not constitute fraud on the part of either B. or the bank, nor show that the consideration for the transfer was so inadequate as to render it fraudulent.

**Same—Setting Aside—What Must Be Shown.**

In order to set aside a conveyance claimed to be fraudulent as to creditors, it must be shown that both grantor and grantee participated in, or had knowledge of, the fraud.

Appeal from circuit court of city of Danville.

Action by the Merchants' Bank of Danville against one Belt and others to set aside a conveyance as being in fraud of cred-

---

\*See monographic note on "Fraudulent and Voluntary Conveyances," Va. Rep. Anno.

itors.   From a decree in favor of defendants, plaintiff appeals.
Affirmed.

*Julian Meade,* for appellant.

*Berkeley & Harrison,* for appellees.

KEITH, P., delivered the opinion of the court.

The Merchants' Bank of Danville filed its bill in the corporation court of that city against Belt, the Bank of Danville, and others, in which it avers that in September, 1896, Belt was indebted to it in the sum of $2,450 ; that he was at that time engaged in the furniture business, with a stock of merchandise valued at $15,000 ; that he owned real estate in the city of Danville subject to incumbrances ; and that he was rated by Dun's credit agency, to whom he had made a statement of his assets and liabilities, as having $21,000 of clear assets over and above his indebtedness ; that on the 26th of September, 1896, Belt executed a deed by which he sold and transferred all his property to the Bank of Danville for the consideration of $4,900. The plaintiff charges that this deed was executed by Belt to the Bank of Danville with intent to hinder, delay, and defraud his creditors ; that the deed was, in part at least, without consideration deemed valuable in law, and was, therefore, void as to his creditors.

The bill further charges that after the execution of the aforesaid deed the Bank of Danville undertook to dispose of the property conveyed to it, and, after taking an inventory of the personal property, which amounted to about $12,000, it proceeded to waste and sacrifice it, together with Belt's interest in the storehouse conveyed, by making a sale thereof to Conway, Boswell, and others for the sum of $5,800 ; that this disposition of said property by the Bank of Danville was made "without the use of that skill and diligence necessary in trade to have secured a fair value therefor, and without any other attempt or

endeavor than to realize its own debt, regardless of the rights of said Belt's creditors, and especially of your orator's rights."

The bill then prays that those heretofore named may be made parties defendant ; that the deed from Belt to the Bank of Danville be set aside ; that the bank may be made to account for the property conveyed to it in the deed from Belt at its true value ; that all proper accounts may be taken ; and that plaintiff may be paid its claim.

Into this suit came W. W. Lynn, who filed a petition reiterating, in substance, the charges made in the bill. Belt and the Bank of Danville answered, denying all imputation of fraud. Depositions were taken upon the issues thus made, and the circuit court of Danville, to which the suit had in the meantime been removed, entered a decree dismissing the bill and petition, and from that decree an appeal was allowed by one of the judges of this court.

The facts, as shown in the record, are that Belt was indebted to the Bank of Danville upon a note of $5,000, which had been reduced by payment to $4,400. At the time this note was made, Belt gave a deed of trust upon his property to secure it, with the understanding that it should not be recorded unless the debt secured should appear to be endangered, Belt in the meantime undertaking to do nothing to imperil the debt thereby secured. This unrecorded deed of trust, while valid between the parties, was void as to Belt's creditors. When, in September, 1896, it became necessary to renew Belt's note to the Bank of Danville, the bank declined further accommodation, and determined to record the deed of trust. This led to negotiations between the bank and Belt, which resulted in the surrender of the unrecorded deed of trust held by the bank, and the execution of the deed by which Belt's property was sold and conveyed to the bank absolutely in settlement of the note due it and certain rents due and to become due upon the storehouse which Belt occupied. When these facts became known, the plaintiff's ground of attack was modified in order to meet

them, and the arrangement between Belt and the bank is now assailed, because by making the loan of $5,000, and accepting a security which was not recorded, Belt was enabled to enjoy a false credit in the community.   There is no evidence that the Bank of Danville knew of Belt's indebtedness to either of the appellants, nor that it was actuated by any motive to hinder or delay the appellants, or any of Belt's creditors.   Even though the Bank of Danville had known of Belt's indebtedness to the plaintiff and others, and had made the loan to him with knowledge of that fact, it would have been insufficient to support the allegation of fraud unless other circumstances appeared showing that the arrangement had been entered into with a fraudulent purpose to hinder and delay the creditors of Belt.

Nor does the evidence warrant the charge that the deed was voluntary, or upon an inadequate consideration.   It is true that there is evidence to show that the bank realized upon the sale of the assets purchased by it something more than it paid, but there is no such disparity shown between the price agreed to be paid and the actual value of the property purchased as gives occasion for the slightest suspicion of fraud.

It would be wholly insufficient to sustain the appellant's case to show fraud upon the part of Belt, but even that is not made to appear.   He was an embarrassed debtor, struggling to extricate himself from his difficulties, postponing the evil day, and vainly grasping at whatever afforded temporary relief from his perplexities ; but there is nothing which will justify a court in branding him as guilty of fraudulent conduct.   The appellants, to maintain their case, would be required to show not only fraud upon the part of Belt, but that it was known to and participated in by the Bank of Danville, of which there is not a vestige of proof.

We are of opinion that there is no error in the decree of the circuit court, and it is affirmed.

CARDWELL, J., absent.